Lowrey Jackson, contra.

---

(Hamilton County Court of Common Pleas.)

FRED. G. HUNTINGTON ET AL. v. CITY OF CINCINNATI.

---

Where a street is widened, and an assessment is levied per front foot on the abutting and adjacent property to pay the cost of the condemnation and the property taken, the assessment must be upon the property on both sides of the street as widened.

An omission to assess the portion of the street opposite the part widened is an irregularity even though the city assumes payment of one-half the costs and expenses thereof, and though the property owners dedicate one-half the width of the original street. To render such assessment valid, the property owners upon the opposite side of the street must dedicate one-half of the street as widened.

(Decided May, 1895.)

---

SAYLER, J.

The City of Cincinnati, by proper proceedings, has condemned a strip of land twenty feet in width for the purpose of widening Sycamore avenue for a distance of about 400 feet west of its intersection with Auburn avenue.

Sycamore avenue was an improved street—for many years in use by the public—fifty feet in width along this portion of the street. This portion of the street runs in an easterly course, and was originally forty feet wide, of which the property owners on the south side of the street had dedicated twenty feet. Subsequently they had dedicated ten feet more, making a fifty-foot street.

By the condemnation of the twenty-foot strip on the north side, the street has been made a seventy-foot street.

By the ordinance declaring the intention to condemn and condemning said strip, it is provided that the assessment of the compensation to be

paid for such property should be paid, one-half from the general fund and the other half, with interest on bonds, should be assessed per front-foot upon the parcels of land bounding and abutting upon that part of the north side of Sycamore avenue so opened and widened, they being hereby declared to be parcels of land which will be specially benefited by said appropriation according to the laws and ordinances on the subject of assessments.

Under sec. 2263 the counsel may assess the costs and expenses of the appropriation of lands for the purpose of opening, widening, etc., a street upon the general tax list, to be assessed upon all the taxable property in the corporation.

Under sec. 2264, the counsel may decline to assess the costs and expenses of such improvement, or any part of such improvement, on the general tax list, "in which event such costs and expenses, or any part thereof which may not be so assessed on the general tax list, shall be assessed by the counsel on the abutting and such adjacent and contiguous or other benefited lots and lands in the corporation, either in proportion to the benefits which may result from the improvement, or according to the value of the property assessed, or by the foot front of the property bounding and abutting upon the improvement," as the counsel may determine, etc.

In the case at bar the counsel, under sec. 2263, assessed one-half of the costs and expenses on the general tax list, and assessed the other half, under sec. 2264, on abutting and adjacent property.

It is clear that the portion assessed under sec. 2264 must be assessed according to the provisions of that section, and the fact that one-half of the expense was assessed under sec. 2263 on the general tax list, can not be taken into consideration in determining whether the assessment under 2264 is properly made. Each section is complete in itself in its terms and provisions, and sec. 2264 is specific that such part of the expenses not assessed on the general tax list shall be assessed in the manner provided in that section.

As said in Cincinnati v. Batsche, 51 Ohio St. (33 W. L. B. 161, 164): "The statute (sec. 2264) thus provides three forms of special assessment: (1), in proportion to the benefits resulting from the improvement; (2), according to the value of the property assessed, and (3), by the front foot of the property bounding and abutting upon the improvement—three statutory modes of apportioning, by special assessment, the costs and expenses of the improvement upon the lots and lands deemed to be specially benefited thereby."

Under the ordinance to condemn, the city paid one-half of the expense out of the general fund, and, in October, 1893, passed an ordinance to assess the other one-half of the expense per front foot on the lands abutting on the north side of the part of the street so widened.

So much of the expense of the improvement assessed under sec. 2264 being assessed by the front foot, should be assessed on all the property abounding and abutting upon the improvement; and under Cincinnati v. Batsche, supra, the property abutting on the south side of the part of the street so widened is "property bounding and abutting upon the improvement," and should be included in the assessment.

The owner of the property on the north side of the street so assessed may complain if the property on the south side is not assessed as required by the statute, and it is no answer to say that as the City, under sec. 2263, paid one-half out of the general fund, they are now in the same position as if the City had assessed the whole amount on the abutting property—one-half on the south side and one-half on the north side. The City elected to.

assess the one-half on the general tax list under sec. 2263. That was the general opinion of the City. That resulted to the general benefit or general detriment alike to all citizens—to the owner on the north side and to the owner on the south side. That did not relieve the City of its obligation, when it assesses the other half on the abutting property under sec. 2264, to comply with the provisions of that section.

It is claimed that the City is relieved of this difficulty by the provision of sec. 2271 as amended April 15, 1892, (89 O. L. 238).

That section provides that, "whenever at least one-half in width of any street or avenue has been dedicated for such purpose from the lots and lands lying on one side of the line of such street or avenue, and such street or avenue is widened by taking from lots and lands on the other side thereof, no part of the cost and expense thus incurred shall be assessed upon the lots and lands lying on the first mentioned side, but only upon the other side and as aforesaid, but said special assessment shall not be in any case in excess of the benefits."

The City claims that the one-half in width which shall be dedicated, is the one-half of the original street, and that in this case the owners of the property on the south had dedicated thirty feet out of the fifty feet width of the street, and, therefore, this statute applies, and the assessment shall be on the property on the north side.

It is certainly an underlying principle of the assessment law that the assessment shall be equal on all abutting and adjacent lots, (50 Ohio St. 474). If the assessment is according to the benefits, then it shall be equalized acording to the benefits to the respective lots of land; if according to the assessed value, then such assessed value shall equalize the assessment; and if by the front foot, then each front foot must be assessed equally.

If a property owner on one side dedicates thirty feet to a street, and a strip of equal width is condemned on the other side and assessed against the owner on that side, the assessment is equal. This would be a case of coming within the perview of the statute and would not conflict with the general assessment law.

But if by any means, by a dedicating of thirty feet on one side, the owner would be relieved from an assessment—per front foot—for additional property taken to make a street seventy feet wide, the general policy of the statute would be violated.

The statute says the assessment shall not exceed the benefits.

If the owner of the property on one side dedicates thirty feet, and additional property is taken to make the street seventy feet, and if the assessment is made in proportion to benefits, the assessment could be made on the property on the other side, and yet be equalized.

This provision of the statute that the assessment shall not "in any case be in excess of benefits," may therefore mean that the assessment under this provision shall be in proportion to benefits, and not by the front foot. It will be noticed in the next clause of the statute, in which an assessment is contemplated on property abutting on other parts of the street—and in which case the assessment could not be by the front foot—that the same provision is made that the assessment shall not be made in excess of benefits.

It seems to me, therefore, this statute should be construed to mean that the property owner on the other side shall dedicate the one-half of the entire street, or that the assessment shall be made according to benefits.

As the property owners on the south side of the street did not dedicate

on-half of the street as widened, and as the assessment is by the front foot; I do not think this provision is of avail to the City in sustaining the assessment.

If I am right in this conclusion, then the assessment must be determined by the provisions of sec. 2264.

I think the numerous cases cited by the counsel of the City establish the proposition that before a property owner can enjoin an assessment on the ground that assessable property has been omitted from the assessment, he must show that by reason of such omission the assessment on his property has been increased; and I do not think they go any further.

Now, to my mind, the part of the expenses assessed under section 2264 should have been assessed on the property of both sides of the street; and as it was assessed only on the property on the north side, the assessment on that property was increased.

The plaintiff claims that, as there is a defect in the assessment in the omission of assessable property from the assessment, that the assessment is void.

The plaintiff comes to the court of equity and asks equity. He should do equity. It is apparent that his property could and should have been assessed one-half the amount assessed under sec. 2264. It was assessed the whole amount. Why should he not be held to the extent he should have been assessed, and, if he is required to do equity, why should he not pay that amount? Cases from other states are cited to the effect that the assessment should be held void.

In this state, the court in 24 Ohio St. 232, say on page 246, that: "The two assessments were both invalid because not uniform, and because neither were made on the basis of including, as the ordinance required, all the lands abutting on the streets."

But in that case the assessment itself was held not to be conclusive, and the property could be assessed only to the extent expense had been incurred which was a proper charge; the amount which the property could be assessed was therefore uncertain.

In 34 Ohio St. 468, the assessment was irregular in that it was to be on lots benefited in proportion to the front foot (which could not be), and that the non-abutting lots to be assessed were not designated, and the amount to be assessed thereon fixed, as required by statute.

Clearly, in such case the amount of the legal assessment could not be told, and in that case the assessment was held void.

If an assessment is in excess of twenty-five per cent. of the value of abutting property, the excess is held void under sec. 2271, and the collection of such excess may be restrained; but the assessment for the balance is held good.

An assessment on the lengthwise side of a corner lot is held void as to the excess of the breadthwise side, but held good to that amount.

In these cases, the amount of the assessment which should be levied is certain.

The assessment to the extent of one-half the amount placed on the property of the plaintiffs will be enjoined, and each party will pay one-half the costs.

Or at the option of the defendant, the whole assessment will be enjoined without prejudice to the right of the City to make a re-assessment, the defendant to pay the costs.

L. C. Black, for plaintiff.

W. H. Whittaker, for the City.